```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON


1STARR DALTON,

        Petitioner,

v.                                      Case No. 2:08-cv-01218

W. VA. PAROLE BOARD,
JIM RUBENSTEIN, and
JOE MANCHIN,

        Respondents.
```

## PROPOSED FINDINGS AND RECOMMENDATION

On October 27, 2008, Petitioner filed a "Special Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254," in which he seeks (1) invalidation of "the discriminatory procedures by which Petitioner was denied parole in 2006 and 2007," and (2) "immediate release from prison as injunctive relief from the defendants' continued discrimination and unlawful abrogation of his right to a meaningful parole release interview." (Petition, docket # 2, at 34.) Because Petitioner challenges the Parole Board's procedures and decisions, and not his underlying conviction, the court deemed the Petition to be filed pursuant to 28 U.S.C. § 2241, not § 2254, and ordered a response. (Order entered October 27, 2008, amended November 4, 2008, ## 5, 6.) Respondents filed a comprehensive Response (# 7), supported by numerous exhibits, and Petitioner filed a reply (# 8).

Petitioner raises three grounds for relief stated as follows:

> 1. The W. Va. Parole Board refused to consider the petitioner for release on parole for a period of over eleven months (Feb 2001-Jan 2002) while he had been, by right under statutory law, eligible for such consideration. With the complicity of its constituents, the Board had even deceived the petitioner into a belief that he had not been eligible for parole during that time because he was lodge[d] in a juvenile correctional facility, thus violating equal protection rights.
>
> 2. The W. Va. Parole Board abused its discretion at the March 1st 2006 parole hearing by: failing to follow its own rules and the statutory law surrounding the parole release interview process; fabricating negative reports against petitioner; making comments toward the petitioner that were disgraceful, inflammatory and conducive to antagonism and belittlement; and flat out denying petitioner due process procedure and the opportunity to present his case and to be heard on the merits.
>
> The Board's lawlessness at this hearing reached a constitutional pitch. Wherefore, the petitioner was treated differently than all other state inmates who are reviewed by the parole board and inasmuch invidious discrimination, the board tramped the spirit of his constitutional right to equal protection.
>
> 3. At the June 1st 2007 parole hearing, the parole board abused its discretion by: concocting false information regarding the petitioner's criminal history in order to capitulate a negative image of him; making false claims that they had received negative community sentiment and judicial sentiment reports; obstructing their own rules as well as those promulgated by the legislature; and blatantly discriminating against the petitioner based upon his race and/or his age, and using such discriminative criteria as the predicate for their decision to deny him parole. At the very least, the conscious practice of race and age discrimination implemented by the board obstructed the petitioner's constitutional rights under the 14th Amendment's equal protection clause.

(# 2, at 11-12.)

Respondents urge the court to deny the Petition, making the following points:

      A.  Governor Manchin is not a proper respondent.
      B.  The Petition should be dismissed for failure to exhaust state remedies.
      C.  Petitioner received the minimal due process protections attendant to parole hearings and his due process rights were not violated.
      D.  Petitioner's allegation regarding use of a racial epithet does not rise to the level of a constitutional violation.
      E.  The Parole Board's risk assessment instrument does not establish a violation of equal protection.
      F.  Petitioner's claim regarding his right to a parole hearing in 2001 is moot.
      G.  The one-year limitations period found at 28 U.S.C. § 2244 should be applied to this petition.

(# 7.)

### Governor Manchin as Respondent

The proper respondent to be named in a habeas corpus petition is usually the petitioner's custodian, the warden of the institution where the petitioner is incarcerated.  28 U.S.C. § 2242.  In cases challenging parole boards, it is customary to name the parole board as a respondent.  The governor of a state, being neither the custodian nor the decision-maker regarding parole, is not an appropriate party.

The undersigned proposes that the presiding District Judge **FIND** that Governor Manchin was inappropriately named as a respondent and should be dismissed with prejudice.

### Failure to Exhaust State Remedies

Respondent asserts that Petitioner has failed to exhaust the state remedies which are available to him, despite having filed a plethora of cases, and that his current petition should be dismissed without prejudice due to that failure.  (# 7, at 6-10.)

Petitioner does not dispute that he failed to exhaust state remedies. He contends that he had no notice of any exhaustion requirement and that he wrote to the parole board, inquiring as to his next step, but his letters went unanswered. ( # 8, at 2.)

In Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490 (1973), the Supreme Court noted that the exhaustion doctrine "'preserves the role of the state courts in the application and enforcement of federal law. * * * [It] preserves orderly administration of state judicial business . . ..'" (quoting Note, Developments in the Law-Federal Habeas Corpus, 83 Harv. L. Rev. 1038, 1094 (1970). In Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir. 1975), the Third Circuit held that "it is sufficient to recognize that, although there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." Both Braden and Moore were decided before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and there is nothing in AEDPA which suggests that Congress intended to eliminate the judicially created requirement that a state prisoner must exhaust his state remedies before filing a § 2241 petition (federal prisoners, by regulation, must exhaust their administrative remedies within the Bureau of Prisons).

The undersigned proposes that the presiding District Judge **FIND** that Petitioner failed to exhaust his available state

4

remedies.

## Timeliness

Respondent argues that the Petition is barred by the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1). (# 7, at 20-28.) Petitioner asserts that "[t]here is no existing controlling precedent which would bind this court to an interpretation of 28 U.S.C. § 2241 that effectuates a one year statute of limitations." (# 8, at 3.)

The U.S. Court of Appeals for the Fourth Circuit has not ruled on the applicability of the one-year period of limitations to petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. A court within the Fourth Circuit has ruled that "the limitation provision of Section 2244(d)(1) applies to any challenge by a convicted prisoner to the execution and calculation of his sentence, whether that be by Section 2241 or Section 2254." McLean v. Smith, 193 F. Supp.2d 867, 872 (M.D.N.C. 2002). McLean notes that "a plain reading of Section 2244(d)(1) indicates it applies to all habeas corpus petitions, however denominated, filed by convicted state prisoners." Id. Petitioner is a convicted state prisoner.

A particularly persuasive case is Thomas v. Crosby, 371 F.3d 782 (11th Cir. 2004), cert. denied, 543 U.S. 1063 (2005). In Thomas and in Medberry v. Crosby, 351 F.3d 1049 (11th Cir. 2003), cert. denied, 541 U.S. 1032 (2004), the Eleventh Circuit reviewed

5

the two types of post-conviction relief available to prisoners: a writ of habeas corpus governed by § 2241 and § 2254, and a motion to vacate, set aside or correct sentence, governed by § 2255. In Medberry, a state prisoner challenged a prison disciplinary proceeding; in Thomas, a state prisoner attacked a decision of the state parole commission. In these cases, the Eleventh Circuit explained that section 2241 is the broadest habeas corpus statute and applies to both federal and state prisoners, whether or not they have been convicted; § 2254 applies to the subset of state prisoners who are "in custody pursuant to the judgment of a State court;" § 2255 governs those prisoners who are "in custody under sentence of a court established by Act of Congress."

> A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition. If the terms of § 2254 apply to a state habeas petitioner – *i.e.* if he is "in custody pursuant to the judgment of a State court" – then we must apply its requirements to him.

Thomas, 371 F.3d at 787. The Thomas decision suggests that the undersigned's Order of October 27, 2008 (# 5), changing the petition from one filed pursuant to § 2254 to one filed pursuant to § 2241, was in error. While Petitioner remains in custody because he has not been granted parole although he is eligible, Petitioner is indisputably in custody pursuant to the judgment of the Circuit Court of McDowell County.

Assuming that the Petition should be considered as one filed pursuant to § 2254, then there is no question but that § 2244(d)

6

applies ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court"). If the Petition is deemed to be filed pursuant to § 2241, then pursuant to McLean and Thomas, § 2244(d) applies.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner is a person in custody pursuant to the judgment of a State court and that § 2244(d) and its one-year period of limitation applies to him.

Petitioner raises challenges to (1) the failure to conduct a parole hearing from February, 2001 to January, 2002, (2) denial of parole on March 1, 2006, and (3) denied of parole on June 1, 2007. The instant Petition was filed on October 23, 2008, more than one year after each of the decisions of which he complains. The undersigned proposes that the presiding District Judge **FIND** that Petitioner is a person in custody pursuant to the judgment of a State court and that January, 2002, March 1, 2006, and June 1, 2007 are the dates on which the factual predicate of the claims presented were known to Petitioner, that the one-year period of limitations expired as to all three claims prior to the filing of the instant Petition, and that the Petition is time-barred by § 2244(d).

Petitioner argues in his Reply that "the record clearly shows that the extraordinary circumstances of this case would require

tolling of any limitations period." (# 8, at 3.)

The United States Court of Appeals for the Fourth Circuit has held that the limitation period set forth in 28 U.S.C. § 2244(d) is subject to equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 329-330 (4th Cir. 2000).[1] As to when equitable tolling should apply, the Fourth Circuit has stated:

> We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Id. at 330. The Court opined that equitable tolling should apply in "two generally distinct kinds of situations:" (1) where a plaintiff/petitioner is prevented from asserting his claim by some kind of wrongful conduct on the part of the defendant/respondent; and (2) where extraordinary circumstances beyond the plaintiff/petitioner's control made it impossible to file the claims on time. Id.

Petitioner has neither cited to any wrongful conduct which prevented him from asserting his claims nor identified any extraordinary circumstances beyond his control which made it impossible to file his claims on time. Accordingly, the

---

[1] The Supreme Court has not specifically ruled on whether section 2244(d) allows for equitable tolling. However, in Lawrence v. Florida, 127 S. Ct. 1079, 1085 (Feb. 20, 2007), the Court assumed that equitable tolling was available under that statute, based upon the agreement of the parties, but found that it was not warranted under the circumstances of that particular case.

undersigned proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated extraordinary circumstances that would warrant equitable tolling of the statute of limitations.

### Other Issues

In light of the proposed findings that the Petition is time-barred and that Petitioner failed to exhaust his State remedies, there is no need to address Respondents' additional arguments.

### Recommendation

It is respectfully **RECOMMENDED** that the Petition be dismissed as time-barred, regardless of whether it is evaluated under § 2241 or § 2254.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.

Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy to counsel of record.

December 8, 2009
Date

Mary E. Stanley
United States Magistrate Judge